UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Ebony M. S.,

    Plaintiff,

    v.

Commissioner of Social Security,

    Defendant.

Case No. 2:23-cv-1043

Judge Michael H. Watson

Magistrate Judge Litkovitz

## OPINION AND ORDER

Ebony M. S. ("Plaintiff") objects to the Report and Recommendation ("R&R") that Magistrate Judge Litkovitz issued, ECF No. 12, which recommended that the Court overrule Plaintiff's statement of specific errors and affirm the decision of the Commissioner of Social Security. Obj., ECF No. 13. For the following reasons, Plaintiff's objections are **OVERRULED**.

### I.    PROCEDURAL HISTORY

Plaintiff applied for supplemental security income on October 15, 2020, alleging a disability onset date of September 12, 2020. Tr. 206–12, ECF No. 7-6 at PAGEID # 232–38. The claim was denied initially and upon reconsideration. Tr. 82–98, ECF No. 7-3 at PAGEID # 105–121. An administrative law judge ("ALJ") thereafter held a hearing and issued a decision finding that Plaintiff was not disabled. Tr. 13–57, ECF No. 7-2 at PAGEID # 35–79. The Appeals Council denied Plaintiff's request for review and adopted the ALJ's decision as the final

decision of the Commissioner of Social Security. Tr. 1–5, ECF No. 7-2 at PAGEID # 23–27.

Plaintiff sued in this court on March 23, 2023, challenging the Commissioner's decision. Mot., ECF No. 1. Upon consideration of Plaintiff's statement of specific errors, the Commissioner's response, and Plaintiff's reply, Magistrate Judge Litkovitz issued an R&R recommending the Court affirm the Commissioner's decision. R&R, ECF No. 12. Plaintiff objects to that R&R. Obj., ECF No. 13.

## II. STANDARD OF REVIEW

Pursuant to Federal Rule of Civil Procedure 72(b), the Court reviews de novo those portions of the R&R that Plaintiff properly objected to. The Court may accept, reject, or modify the R&R, receive further evidence, or return the matter to the Magistrate Judge with instructions. Fed. R. Civ. P. 72(b)(3).

## III. ANALYSIS

Plaintiff's single objection is that the ALJ failed to properly discuss the "supportability" of Dr. Theresa Hom, D.O.'s ("Dr. Hom") opinion. Obj., ECF No. 13. Upon de novo review, the Court concludes that the ALJ made no error.

For claims for Supplemental Security Income filed after March 27, 2017, such as this one, medical opinions are considered per 20 C.F.R. § 416.920c. Under those regulations, an ALJ does "not defer or give any specific evidentiary weight . . . to any medical opinion(s)." 20 C.F.R. § 416.920c(a). Rather, "[w]hen a medical source provides one or more medical opinions . . . , [the ALJ] will

consider those medical opinions . . . from that medical source together using" factors outlined in the Code of Federal Regulations. *Id.* The factors an ALJ must consider when evaluating the persuasiveness of a medical opinion are: supportability, consistency, relationship with the claimant, specialization, and any other factors that support or contradict the medical opinion. 20 C.F.R. § 416.920c(c)(1)–(5). The most important factors, however, are supportability and consistency. 20 C.F.R. § 416.920c(a), (b)(2).

An ALJ must articulate in their decision how persuasive they found the medical opinion. 20 C.F.R. § 416.920c(b). Moreover, because supportability and consistency are the most important factors, an ALJ must "explain how [they] considered the supportability and consistency factors for a medical source's medical opinion[]." 20 C.F.R. § 416.920(b)(2). The ALJ may, but is not required to, explain how they considered the other factors. *Id.*

With regard to supportability, "[t]he more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion[] . . . , the more persuasive the medical opinions . . . will be." 20 C.F.R. § 416.920c(c)(1).

Here, the ALJ properly discussed supportability by explaining that Dr. Hom's opinion was not based on objective medical evidence or relevant supporting explanations. First, the ALJ noted that in one treatment note, Dr. Hom recorded that Plaintiff was there "to have documentations filled out for her disability attorney [;] patient helped define her medical issues." Tr. 25, ECF No.

7-2 at PAGEID # 47. In other words, Dr. Hom's note for that date was at least partially based on Plaintiff's subjective statements. The ALJ also noted that the severity of Plaintiff's limitations was overstated (that is, not supported) by the "more normal" physical exams, Plaintiff's other reports, and improvement with medication. *Id*.

The ALJ's conclusion as to supportability is further supported by substantial evidence. Dr. Hom's treatment notes do indeed indicate that Plaintiff helped "define her medical issues," which goes to supportability. Tr. 757, ECF No. 7-7 at PAGEID # 784; *cf. Fifer v. Comm'r of Soc. Sec.*, No. 14-14584, 2016 WL 1399254, at *4 (E.D. Mich. Apr. 11, 2016) (explaining that "it is well-settled that a physician's statement that merely regurgitates a claimant's self-described symptoms is not a 'medical opinion' at all." (cleaned up)). In addition, Dr. Hom's own treatment records show normal physical exams. *E.g.*, Tr. 497–98, 696, 709, 715 ECF No. 7-7 at PAGEID # 524–25, 723, 736, 742. Another doctor to whom Dr. Hom referred Plaintiff noted Plaintiff's reports of wanting to return to exercise, and improvement with medication. Tr. 502, ECF No. 7-7 at PAGEID # 529. In sum, substantial evidence supports the ALJ's supportability conclusion.

Plaintiff argues that there is *other* objective medical evidence on which Dr. Hom relied that the ALJ did not specifically mention in the discussion of Dr. Hom's opinion. Obj. 3, ECF No. 13. This argument does little more than ask the Court to reweigh the evidence, which is not in the Court's prerogative. *See Tracy R. v. Comm'r of Soc. Sec.*, No. 2:22-CV-3332, 2023 WL 4539858, at *6 (S.D.

Ohio July 14, 2023) (explaining in a social security case that "the Court cannot reweigh the evidence" (citation omitted)).

Plaintiff also argues that both the ALJ and the R&R conflate the "consistency" and "supportability" factors and that the ALJ's discussion, and record evidence, outlined above goes to only the former. Obj. 1–2, ECF No. 13. The Court disagrees. The ALJ properly discussed the "objective medical evidence" and "the supporting explanations" Dr. Hom offered in concluding that Dr. Hom's opinion was not persuasive. 20 C.F.R. § 416.920c(c)(1). That is a supportability discussion.

At bottom, the ALJ adequately explained the supportability factor in determining Dr. Hom's opinions were "not persuasive[,]" and substantial evidence supports that conclusion.

## IV. CONCLUSION

For these reasons, Plaintiff's objections are **OVERRULED**, the R&R is **ADOPTED**, and the Commissioner's decision is **AFFIRMED**. The Clerk shall enter judgment for Defendant and terminate this case.

**IT IS SO ORDERED.**

*/s/ Michael H. Watson*
**MICHAEL H. WATSON, JUDGE**
**UNITED STATES DISTRICT COURT**